IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20106
_____


IN RE:


BILLY D. JACOBS, also known as Ya qub,

                                        Petitioner.

- - - - - - - - - - - - - - - - - -
Petition for Writ of Mandamus
to the United States District Court
for the Southern District of Texas
- - - - - - - - - - - - - - - - - -
June 12, 2000


Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:


IT IS ORDERED that the application of Billy D. Jacobs, a Texas prisoner, requesting leave to proceed in forma pauperis (IFP) under the Prison Litigation Reform Act of 1995 (PLRA), is GRANTED,[1] and Jacobs is ORDERED to pay an initial partial filing fee of $1.83[2] when funds are available to him. Thereafter, he

---

[1] The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997). Because the underlying action here is a civil case, the PLRA fee requirements apply. See 28 U.S.C. § 1915(b).

[2] This amount represents 20% of Jacobs's six-month average balance as shown on the inmate trust fund account statement he has submitted.

must pay the balance of the $100 fee in monthly installments of 20% of the preceding month's income credited to his inmate trust fund account.  The agency having custody of Jacobs is ORDERED to forward funds from his account to the clerk of this court each time the amount in the account exceeds $10, until the full filing fee of $100 is paid.  See 28 U.S.C. § 1915(b)(1), (2).

On February 14, 2000, we received from Jacobs a petition for writ of mandamus asking that we compel the district court to order service of process on the defendants in his civil rights suit.  On March 10, 2000, at the direction of this court, the clerk informally advised Jacobs that his case was under active consideration, that mandamus relief was not appropriate against state officials, and that no ruling would be made on his petition at that time.  On March 31, 2000, we received from Jacobs a response to that letter, titled "Motion for More Definite Statement: Pursuant to F.R.C.P. 12(e)," with a series of questions about the clerk's letter.  We also received Jacobs's "Motion for Judgment Pursuant to the F.R.C.P. 5(e), 9(e), 12(c), and 77(c, d)."  We construe the March 31 documents as a request for a formal ruling on the mandamus petition.

The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ is "clear and indisputable."  In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).

Jacobs's suit in District Court No. 4:98-CV-4329[3] was filed on December 29, 1998. After he corrected a deficiency in the pleading, he was granted leave to proceed IFP on May 18, 1999, and the district court directed him to file a more definite statement. Jacobs filed numerous pleadings, which the district court either struck or denied on November 15, 1999; he filed further pleadings, which the district court granted or denied on December 21, 1999. Jacobs filed a more definite statement and a second amended complaint on January 13, 2000, and a motion for recusal of the district judge on March 31, 2000.

This civil rights action is under active consideration. Contrary to Jacobs's assertion, he has no automatic entitlement to service of process at this stage of the proceedings. We have long recognized the authority of the district courts to ascertain the potential frivolousness of IFP suits before directing service of process, see Green v. McKaskle, 788 F.2d 1116, 1119-20 (5th Cir. 1986), and this authority has been codified by the PLRA in 28 U.S.C. §§ 1915(e)(2) and 1915A.

It is evident from the docket sheet that the district court is attempting to ascertain whether Jacobs's suit will survive a frivolousness determination and that Jacobs is hindering that consideration by filing numerous non-responsive pleadings. In

---

[3] Jacobs's mandamus petition references three other pending cases in the Southern District of Texas, Nos. 4:99-CV-754, 4:99-CV-1979, and 4:99-CV-2720. Because a mandamus petition may reference only one district court action, we do not address Jacobs's allegations concerning these other suits. We note that two of those cases have been the subject of other mandamus petitions in this court, Nos. 00-20217 and 99-21118, which have been administratively closed.

such a circumstance, mandamus relief is inappropriate, and Jacobs's request that we direct the district court to order service of process at this time is frivolous. The petition for a writ of mandamus is therefore DISMISSED AS FRIVOLOUS.

We have previously held that a mandamus petition of this type is "not an independent civil action, but may be considered a type of appeal" for purposes of applying the fee provisions of § 1915(a)(2). In re Stone, 118 F.3d at 1034.[4] We have also held that the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g), applies to mandamus petitions arising from underlying civil actions such that a litigant who has accumulated three such strikes may not proceed under the PLRA, but must prepay the filing fee. See In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998). The operative language of § 1915(a)(2) ("a prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding") is identical to that of § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding" if he has accumulated three strikes). We now hold that, if a mandamus petition arising from an underlying civil case is dismissed as frivolous, that dismissal counts as a "strike" for purposes of § 1915(g).

Accordingly, Jacobs is hereby informed that the dismissal of this mandamus action as frivolous counts as a strike for purposes of § 1915(g). We caution Jacobs that once he accumulates three

---

[4] See also Santee v. Quinlan, 115 F.3d 355, 335 (5th Cir. 1997) (holding that the fee provisions of § 1915(a)(2) apply to mandamus actions that arise from civil actions in district court).

strikes, he may not proceed IFP either in any civil action or in any appeal of a civil action, including a mandamus petition challenging district court action in an underlying civil suit, which is filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP GRANTED; PETITION FOR MANDAMUS DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.