IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51049
Summary Calendar
_____

BILLY D. JACOBS,

                                        Plaintiff-Appellant,

versus

GILBERT K. SALAZAR, Individually and in his official
capacity as a TDCJ Official; JUAN T. NUNEZ, Individually
and in his official capacity as a TDCJ Official;
STEVE MORRIS, Individually and in his official capacity as
a TDCJ Official,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-471-EP
---------------------
August 8, 2000

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Billy D. Jacobs, Texas prisoner # 631401, has filed an
application for leave to proceed in forma pauperis (IFP) on
appeal, following the district court's dismissal of his 42 U.S.C.
§ 1983 complaint.  By moving for IFP, Jacobs is challenging the
district court's certification that IFP should not be granted on
appeal because his appeal presents no nonfrivolous issues.  See
Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jacobs contends that his inability to pay the initial partial filing fee prevented him from complying with the PLRA. He argues that the district court abused its discretion in dismissing his action because of his inability to pay the fee. He contends that he attempted to comply with the court's orders with due diligence and in good faith.

The district court did not dismiss Jacobs' action because he could not pay the initial partial filing fee. The magistrate judge warned Jacobs repeatedly that he must either pay the filing fee or authorize withdrawals from his account in order to avoid dismissal. If Jacobs had filed the necessary documents with TDCJ to authorize the withdrawal of funds from his account and TDCJ had informed the court that the funds were unavailable, Jacobs would have been allowed to proceed without paying the initial partial filing fee. The district court dismissed Jacobs' action because he failed, after repeated warnings and extensions of time, to authorize the withdrawals from his account. Jacobs' brief never addresses this aspect of the district court's reasons for dismissal. He still does not allege that he ever filed the documents necessary to authorize withdrawals from his account to pay either the initial partial filing fee or the remainder of the district court filing fee. Given the district court's repeated warnings and extensions of time to comply, the district court did not abuse its discretion in dismissing Jacobs' § 1983 action for failure to comply with the court's orders. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Jacobs' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. All outstanding motions are DENIED.

Jacobs has one previous strike for purposes of 28 U.S.C. § 1915(g). See In Re: Jacobs, 213 F.3d 289 (5th Cir. 2000). The dismissal of this appeal as frivolous counts as Jacobs' second strike under § 1915(g). We inform Jacobs that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; OUTSTANDING MOTIONS DENIED.