IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-20589
Conference Calendar

---

BILLY D. JACOBS, also known as Ya qub,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Texas Department of Criminal Justice;
GARY L. JOHNSON, KENT RAMSEY; JIM RILEY; PRICILLA DALY;
ROCHELLE MCKINNEY; F.E. FIGUEROA; L. ARNOLD; R. CHANCE;
G.W. DELAROSA; FRANKIE L. REESCANO; TERRY L. PICKETT,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-4329

---

February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner  Billy D. Jacobs, #631401, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, with prejudice, under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.  He contends that defendants Wayne Scott and Gary L. Johnson should be held liable for various alleged constitutional violations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A supervisory official may be held liable under 42 U.S.C. § 1983 if he affirmatively participates in acts that cause the constitutional deprivation or implements policies that are the moving force behind the constitutional violation. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). As the district court correctly determined, Jacobs's failure to allege, in non-conclusional terms, the requisite involvement on the part of the defendants defeats his claim.

Jacobs's contention that the district court erred in refusing to issue service of process has been addressed and rejected by this court. See In re Jacobs, 213 F.3d 289, 290 (5th Cir. 2000). Jacobs presents no cogent argument regarding the court's alleged bias against him. See Liteky v. United States, 510 U.S. 540, 554-56 (1994).

Jacobs's appeal is without merit, and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The district court's dismissal of the present case and this court's dismissal of Jacobs's appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996). Jacobs has already accumulated two strikes. See In re Jacobs, 213 at 291; Jacobs v. Salazar, No. 99-51049 (5th Cir. Aug. 8, 2000)(unpublished). Because he is subject to the three-strikes bar under the statute, Jacobs may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of

serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5th Cir. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g)