United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20795
Conference Calendar

———————————————

CRAYTON ANTHONY MITCHELL,

Plaintiff-Appellant,

versus

DONNA CROWLEY, Lieutenant; MARK MORROW, Officer; BRADLEY
BACHMANN, Physician Assistant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2305
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Crayton Anthony Mitchell, Texas prisoner # 625288, appeals
the district court's dismissal as frivolous pursuant to 28 U.S.C.
§ 1915A(b)(1) of his pro se, in forma pauperis 42 U.S.C. § 1983
civil rights complaint.  Mitchell seeks damages for deliberate
indifference to his medical needs and allegedly inadequate
medical care for injuries sustained in a fall.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The only issue Mitchell has briefed in his appeal is that the district court denied him due process and obstructed justice when it dismissed his complaint before the defendants filed an answer and without allowing him to conduct discovery. Mitchell's argument is contrary to the plain language of 28 U.S.C. § 1915A(a)-(b), which directs the district court to review and dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if the court determines, inter alia, that the complaint is frivolous. 28 U.S.C. § 1915A(a) provides that the district court's review is to take place "before docketing, if feasible or, in any event, as soon as practicable after docketing," and dismissal may be ordered before service of process. See In re Jacobs, 213 F.3d 289, 290 (5th Cir. 2000). Mtichell's argument is therefore without merit.

Mitchell does not contest the frivolousness finding of the district court, and he has therefore abandoned that issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (issues that are not adequately briefed are waived on appeal).

Mitchell's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Mitchell is WARNED that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.