United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20014
Summary Calendar

_____

IVO NABELEK,

Plaintiff-Appellant,

versus

HONORABLE COURT OF CRIMINAL APPEALS AND ALL OF ITS ACTIVE
JUSTICES; CHARLES BACARISSE, Honorable District Clerk of Harris
County; DENISE COLLINS, Honorable Judge 208th District Court of
Harris County, DEBBIE MANTOOTH-STRICKLIN, Honorable, Judge 180th
Judicial District Court of Harris County Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-4660
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ivo Nabelek, Texas state prisoner # 669748, appeals from the
dismissal of his civil action as frivolous and for failure to state
a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Nabelek's
complaint arose from his state habeas corpus proceedings. Nabelek
argues that the district court erred by construing his 42 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1983 claims as habeas corpus claims because his claims were not cognizable in habeas.

We do not construe Nabelek's complaint as raising habeas corpus claims. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Rather, we construe the action as one seeking mandamus relief, relief the district court lacked jurisdiction to grant, and we AFFIRM the district court's dismissal of the action as frivolous. See Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). For the convenience of the courts in this circuit, we note that because the action underlying Nabelek's district-court action was a state habeas proceeding, the dismissal of the complaint and the affirmance on appeal do not count as a strike for purposes of 28 U.S.C. § 1915(g). Cf. In re Jacobs, 213 F.3d 289, 290-91 (5th Cir. 2000).

Nabelek argues that the district court erred in applying the filing fee requirements of the Prison Litigation Reform Act ("PLRA"). Under the doctrine of invited error, Nabelek may not complain of any error by the district court in applying the PLRA filing fee requirements because Nabelek induced any such error by seeking leave to proceed IFP in an action he filed as a 42 U.S.C. § 1983 action. See, e.g., United States v. Baytank (Houston), Inc., 934 F.2d 599, 606-07 (5th Cir. 1991); Capella v. Zurich Gen. Acc. Liab. Ins. Co., 194 F.2d 558, 560 (5th Cir. 1952).

Nabelek has demonstrated no abuse of discretion in the district court's denial of his motion for the appointment of counsel or in the district court's issuance of a sanction warning.

AFFIRMED; ALL OUTSTANDING MOTIONS ARE DENIED.