# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 05-41716
Summary Calendar

MICHAEL C WHITING; ALPHA TIPPENS, JR; LARRY SHAFER; STEPHEN
F AUSTIN;MICHAEL JOEL MORALES

Plaintiffs-Appellants

v.

MICHAEL KELLY, MD; MARJORY PULVINO, RN; WILIAM SHELBY, PA;
PAUL JUNG, Doctor; OWEN MURRAY, Asso. Med. Dir. U.T.M.B; JASON
CALHOUN, Med. Dir., U.T.M.B.; ROCHELLE MCKINNEY; STEPHEN
SMOCK, Med. Admin.Ramsey II Unit; LANNETTO LINTHICUM, MD; GARY
JOHNSON, Director TDCJ; WAYNE SCOTT, Director TDCJ; A.M.
STRINGFELLOW, Chairman, TX Brd. Crim. Justice; OWEN MURRY;
UNIVERSITY OF TX MEDICAL BRANCH,Corrections Manage Health Care;
TDCJ, Health Services Division; RICK PERRY, Gov. of TX; GEORGE BUSH,
former Gov. of TX; AUGUSTINE EGBUNIKE, Dr

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CV-429

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Michael Whiting, Texas prisoner # 670716, and Alpha Tippins, Jr., Texas prisoner # 830342, appeal the district court's grant of summary judgment for the defendants and dismissal as frivolous and for failure to state a claim of their 42 U.S.C. § 1983 action, alleging retaliation, mail tampering, and deliberate indifference to serious medical needs. To the extent that Whiting and Tippins seek to incorporate by reference arguments made in district court pleadings but not on appeal, the arguments are abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Whiting and Tippins argue that the district court erred in dismissing their retaliation and mail tampering claims as frivolous. Under 28 U.S.C. § 1915A, the district court was required to dismiss the complaint, or any portion of it, that was frivolous or failed to state a claim for which relief can be granted.[**] See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). We review the dismissal as frivolous de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). The plaintiffs' allegations suggested no more than a mere personal belief of retaliatory mail tampering. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The record does not suggest that the plaintiffs' position as litigants was prejudiced by the alleged mail tampering. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993); see also Lewis v. Casey, 518 U.S. 343, 349 (1996). To the extent that the plaintiffs alleged retaliatory unit and job transfers, the allegations did not identify "a chronology of events from which retaliation may plausibly be inferred." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) . Whiting and Tippins have not shown error in the district court's dismissal of these claims as frivolous. See § 1915A(b)(1).

---

[**] The plaintiffs argue that the district court erred in dismissing their claims under 28 U.S.C. § 1915(e) because they were not proceeding in forma pauperis. Any error in relying on § 1915(e) was harmless because the district court appropriately also relied on § 1915A. See § 1915A(b)(1).

Whiting and Tippins, who have tested positive for the Hepatitis C virus (HCV), challenge the district court's grant of summary judgment and dismissal as frivolous of their deliberate-indifference-to-serious-medical-needs claims. We review the district court's grant of summary judgment de novo. Mississippi River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c).

Whiting and Tippins argue that the defendants were deliberately indifferent to their serious medical needs by failing to provide adequate testing and treatment for HCV. They contend that the policy created and adopted by the Texas Department of Criminal Justice does not comport with the accepted standard of care for treatment of HCV. Although they clearly believe that they should undergo additional testing and drug therapies, such disagreement does not give rise to a constitutional claim. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The district court did not err in granting summary judgment for the defendants and further did not err in dismissing the deliberate indifference claims as frivolous.

Whiting and Tippins contend that the district court failed to grant the defendants an extension of time to move for summary judgment and erroneously accepted the summary judgment motion some two months late. This allegation is contradicted by the record, which reflects that the magistrate judge granted the defendants an extension through January 24, 2005, and the motion was filed on that date. Whiting and Tippins also contend that the district court failed to give them notice of summary judgment pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). The argument is unavailing because "particularized additional notice of the potential consequences of a summary judgment motion

and the right to submit opposing affidavits need not be afforded a pro se litigant. The notice afforded by the Rules of Civil Procedure and the local rules [is] . . . sufficient." Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992). They further argue that the district court failed to rule on Whiting's motion for an extension of time to respond to the summary judgment motion. Any error in failing to rule expressly on the motion was harmless because after the magistrate judge issued the report and recommendation, Whiting filed objections and a response, and the district court conducted a de novo review. Although Whiting and Tippins also argue that the district court erred in failing to rule on a "plethora of motions, and erroneously leaves them unsettled to date," the district court's entry of final judgment "was an implicit denial of any outstanding motions." Tollett v. City of Kemah, 285 F.3d 357, 369 n.* (5th Cir. 2002).

Whiting and Tippins argue that the district court erred in refusing to allow them to conduct discovery and in failing to rule on their FED. R. CIV. P. 56(f) motion. After the magistrate judge recommended granting summary judgment, Whiting moved for discovery under Rule 56(f), but he failed to set forth details regarding what discovery was needed, stating only that the plaintiffs move for Rule 56(f) discovery. No abuse of discretion has been shown. See Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 534-35 (5th Cir. 1999).

Whiting and Tippins argue that the district court erred in ordering only four of the eighteen defendants to answer the complaint. The district court was not required to order service of process prior to dismissing the claims as frivolous. See In re Jacobs, 213 F.3d 289, 290 (5th Cir. 2000).

Whiting and Tippins argue that the district court erred in failing to rule on their motions for default judgment against the defendants who did not answer the complaint. Absent proper service of process, the district court lacked personal jurisdiction over the defendants, and any default judgment against the defendants would have been void. See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999).

4

Whiting and Tippins contend that the district court erred in failing to grant their requests for class certification. The district court's failure to revisit the class certification issue prior to granting summary judgment was not an abuse of discretion because the grant of summary judgment for the defendants terminated the suit on the merits. See Floyd v. Bowen, 833 F.2d 529, 534-35 (5th Cir. 1987).

Whiting and Tippins have not demonstrated that the district court abused its discretion in denying the appointment of counsel or expert witnesses. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Fugitt v. Jones, 549 F.2d 1001, 1006 (5th Cir. 1977); FED. R. EVID. 706. Although Whiting and Tippins assert that the district court erred in denying their motions for joinder of plaintiffs and defendants, they have provided no argument on this issue, and the issue has been abandoned. See Yohey, 985 F.2d at 224-25.

We deny the motions for class certification, appointment of counsel and expert witnesses, and for discovery. We also deny as moot the motion for an extension of time to file the appellants' brief.

AFFIRMED; MOTIONS DENIED.