# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

Lyle W. Cayce
Clerk

No. 11-20670
Summary Calendar

DEWAYNE SHELTON,

Plaintiff-Appellant

v.

Sergeant MICHAEL LEMONS; BRENDA J. HOUGH; JOHN WANG; Dr. BETTY J. WILLIAMS; SHANTA CRAWFORD; STEVEN R. KRAMER; DAVID HAAS; DAVID A. WOOD; TRICIA L. HOLLINGSWORTH; MICHAEL J. MOFFETT; CYNTHIA WOOD; JOHN P. WERNER; ABBE KING; ALFRED JANICEK; EILEEN KENNEDY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-452

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Dewayne Shelton, Texas prisoner # 1254161, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint filed against various employees of the Texas Department of Criminal Justice (TDCJ). Shelton argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in dismissing the claims against Sergeant Michael Lemons because he was not served with the complaint.

Service of process is not a jurisdictional matter. *Henderson v. United States*, 517 U.S. 654, 671-72 (1996). The district court was not required to order service of process prior to dismissing the claims against Lemons as frivolous. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000).

Shelton also contends that the district court abused its discretion in denying his motion to stay the summary judgment proceedings for the purpose of allowing discovery.

Discovery matters are reviewed for an abuse of discretion. *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989). Pursuant to Rule 56(d), a nonmovant on summary judgment may request a continuance for further discovery. In order to obtain a Rule 56(d) continuance to respond to a summary judgment motion, the nonmovant must "present specific facts explaining his inability to make a substantive response . . . and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (internal quotations and citations omitted) (construing former Rule 56(f)); *see also* FED. R. CIV. P. 56(d). Because Shelton has not provided this court with any specific facts that suggest additional time for discovery would have enabled him to locate information that would have successfully rebutted the defendants' summary judgment motion, his challenge to the Rule 56(d) ruling fails. *See Washington*, 901 F.2d at 1285.

With regard to the claims against Lemons, Shelton argues that the district court erred in dismissing the claims as unexhausted and frivolous. The district court found that the claim that Lemons changed Shelton's job description and forced him to perform actions which aggravated his injury was unexhausted. As to this claim, Shelton acknowledges that his grievance was not processed or

reviewed based on an application of procedural rules. Although he contends that the procedural rule was applied because the filing of a previous grievance had been delayed, he provided no evidentiary support for this assertion. Though he argues that he made every attempt to exhaust administrative remedies, Shelton fails to show that he should be excused from the exhaustion requirement. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 n.2 (5th Cir. 2001).

The district court determined that the remaining claim against Lemons, that he falsely reported Shelton as lifting weights, was subject to dismissal as frivolous. Shelton contends that Lemons retaliated against him for filing previous grievances against Sergeants Smith and More, officers who were not parties in the instant complaint. Shelton argues that Lemons's action in reporting him resulted in the lifting of medical work restrictions and the aggravation of preexisting injuries.

We review a § 1915 dismissal as frivolous for abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). A complaint is frivolous and lacks an arguable basis in law if it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In order to establish a retaliation claim, the prisoner must "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted).

As support for his claim of retaliation against Lemons, Shelton asserts that he confronted Lemons and that Lemons asked him whether he intended to file a grievance against him as he had done against other supervisors. These facts do not give rise to an inference that Lemons's actions were motivated by a retaliatory intent. Moreover, the record shows that the identity of the officer who reported Shelton to the medical department was never revealed to Shelton. Shelton's allegations of retaliation are conclusory and speculative, and therefore,

he fails to show that the district court abused its discretion in dismissing the claim as frivolous.  *See Woods*, 60 F.3d at  1166.

As to all the other defendants, Shelton fails to brief any issue decided by the district court.  He does not challenge the district court's reasons for granting summary judgment or for dismissing the claims against the remaining defendants.  In his reply brief, Shelton offers a brief paragraph stating that the defendants were not entitled to qualified immunity.  However, he offers no facts or legal argument in support of this assertion.  Thus, he has not adequately briefed this argument.  *See ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 949 (5th Cir. 2011) (declining to address appellees' argument that the claim should have been dismissed on different grounds in part because it was not adequately briefed).  Because Shelton fails to raise any argument regarding the aforementioned issues, these claims are abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED.