# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40880
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

DARLENE C. BALISTRERI-AMRHEIN,

Plaintiff-Appellant

v.

JEFFREY WALL, United States Solicitor General; JEFFERSON B.
SESSIONS, III, U. S. ATTORNEY GENERAL, United States Attorney
General; DEPARTMENT OF JUSTICE; ERNEST CHUCK GRASSLEY,
Chairman; UNITED STATES HOUSE JUDICIARY COMMITTEE, et al,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-112

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Darlene C. Balistreri-Amrhein moves for leave to proceed in forma
pauperis (IFP) on appeal from the district court's denial of the second motion
for reconsideration filed in her civil action, which challenged, inter alia, a real
estate transaction. The district court dismissed Balistreri-Amrhein's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

underlying complaint pursuant to 28 U.S.C. §1915(e)(2)(B). In denying the second motion for reconsideration, the district court found that it presented issues that had already been considered and rejected. Accordingly, it declined to consider the issues again, found that Balistreri-Amrhein's appeal was not taken in good faith, and denied her leave to proceed IFP on appeal.

In this court, we discern Balistreri-Amrhein's arguments as follows: members of the judiciary have acted improperly; she was the victim of a real estate scam; and a prior order of the Northern District of Texas that prohibited her from filing further civil actions without first obtaining leave of court is void. Balistreri-Amrhein also presented arguments regarding the many problems she experienced with the house she purchased. To the extent that these claims were raised or could have been raised earlier than the second motion for reconsideration, her contentions fail to raise a legal point for appeal that is arguable on the merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1204 (5th Cir. 1993). To the extent Balistreri-Amrhein raises speculative and conclusory claims of conflicts of interest, bias, cover-ups, and conspiracies, she has not shown a nonfrivolous appellate issue. *See Howard*, 707 F.2d at 220; *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

Additionally, we discern that Balistreri-Amrhein challenges the failure of the district court and the magistrate judge herein to serve the defendants. This claim does not raise a nonfrivolous appellate issue. *In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000); *Baugh v. Taylor*, 117 F.3d 197, 200 (5th Cir. 1997).

Accordingly, we DENY Balistreri-Amrhein's motion to proceed IFP on appeal and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

No. 17-40880

Balistreri-Amrhein is WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.