# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50233

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2018

Lyle W. Cayce
Clerk

SCOTT ASH JAMES ZIRUS,

Plaintiff - Appellant

v.

SHARON FAYE KELLER, in her official capacity; LAWRENCE E. MEYERS, in his official capacity; BERT RICHARDSON, in his official capacity; KEVIN P. YEARY, in his official capacity; CHERYL A. JOHNSON, in her official capacity; MICHAEL E. KEASLER, in his official capacity; BARBARA P. HERVEY, in her official capacity; ELSA ALCALA, in her official capacity; DAVID NEWELL, in his official capacity; M. REX EMERSON, in his official capacity; SCOTT MONROE, in his official capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-428

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Scott Ash James Zirus, Texas prisoner # 1640002, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, arguing that he should not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to pay the balance of his filing fee under the Prison Litigation Reform Act (PLRA) because the district court construed his 42 U.S.C. § 1983 complaint as a request for a writ of mandamus. The district court denied the motion, stating that Zirus had induced any such error by seeking leave to proceed IFP in an action he filed pursuant to § 1983, and certified that an appeal would not be taken in good faith.

By moving to proceed IFP on appeal, Zirus challenges the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, "[u]nder the doctrine of invited error, [plaintiff] may not complain of any error by the district court in applying the PLRA filing fee requirements because [plaintiff] induced any such error by seeking leave to proceed IFP in an action he filed as a 42 U.S.C. § 1983 action." *Nabelek v. Honorable Court of Criminal Appeals & All of Its Active Justices*, 112 F. App'x 948, 949 (5th Cir. 2004) (unpublished)[1] (citing *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 606-07 (5th Cir. 1991)). Because Zirus induced any error by the district court in applying the PLRA filing fee requirements, he has failed to raise a nonfrivolous argument that the district court abused its discretion by denying his Rule 60(b) motion. *See Howard*, 707 F.2d at 220.

Accordingly, Zirus's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous does not count as a strike for purposes of 28 U.S.C. § 1915(g). *See Nabelek*, 112 F. App'x at 949.

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may nevertheless be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.