United States Court of Appeals,

Fifth Circuit.

No. 96-31310.

Jerry SANTEE, Petitioner-Appellant,

v.

Patrick QUINLAN, Judge, Criminal District Court;  Attorney
General State of Louisiana, Richard Ieyoub, Respondents-Appellees.

June 24, 1997.

Appeal from the United States District Court for the Eastern
District of Louisiana.

Before WIENER and PARKER, Circuit Judges, and LITTLE, District
Judge.[*]

PER CURIAM:

Jerry Santee ("Santee"), a Louisiana state prisoner, appeals

the order of the district court dismissing his petition for

mandamus as frivolous pursuant to 28 U.S.C. § 1915.  We affirm.

FACTS AND PROCEEDINGS BELOW

In 1984, Santee was found guilty of manslaughter and sentenced

as a third-time felony offender to 42 years at hard labor.  His

conviction and sentence were affirmed on direct appeal. *State v.

Santee,* 464 So.2d 922 (La.App. 4th Cir., 1985).  He was

subsequently denied post-conviction relief by the state trial and

appellate courts.

In 1992 he filed a writ application with the Louisiana Supreme

Court.  Santee alleges that the Louisiana Supreme Court allowed his

writ application to languish for over 3 years, ultimately

_____

[*]District Judge of the Western District of Louisiana, sitting
by designation.

1

dismissing it as time-barred pursuant to LSA-C.Cr.P. Art. 930.8 and *State ex rel. Glover v. State,* 660 So.2d 1189 (La., 1995), without reaching the merits.

Santee then filed this *pro se, in forma pauperis* (IFP) application for writ of mandamus, asking that the federal district court order the Louisiana Supreme Court to review his state writ on the merits. A magistrate judge recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915, giving four reasons: (1) the complaint named the wrong party—a state trial judge, not the Louisiana Supreme Court; (2) the action had been dismissed, so there was nothing for the Louisiana Supreme Court to act on, even if so ordered; (3) federal courts lack power to mandamus state courts in the performance of their duties; (4) to the extent that Santee's claim was one for habeas relief, he failed to show that he had authorization to file a successive habeas petition.

Santee filed objections to the magistrate judge's recommendation. He also filed a motion to amend his complaint to reflect the name of the proper defendant in response to the magistrate's "wrong party" concern. That motion was denied and the district court adopted the magistrate's recommendation and dismissed Santee's claims as frivolous. Santee filed a notice of appeal and the district court denied a certificate of appealability.

## PLRA FEE REQUIREMENTS

A prisoners bringing a civil action or an appeal of a

2

judgment in a civil action is required by 28 U.S.C. § 1915(b), as modified by the Prison Litigation Reform Act ("PLRA"), to provide certain documentation and to pay some portion of the filing fees prior to proceeding in *forma pauperis.* This court must initially determine whether this appeal is "an appeal of a judgment in a civil action" so as to fall within the PLRA requirements.

This is a question of first impression in the Fifth Circuit. The Seventh Circuit has held that a petition for mandamus against a judge presiding in a pending case is, in effect, a form of interlocutory appeal. *Martin v. United States,* 96 F.3d 853, 854 (7th Cir.1996). Whether an interlocutory appeal is within the scope of the PLRA turns on whether the litigation in which it is filed falls within that scope. *Id.* The Second Circuit has determined that the new fee requirements of the PLRA apply to mandamus actions that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials. *In re Nagy,* 89 F.3d 115, 116 (2nd Cir.1996).

We find the reasoning of *Martin* and *Nagy* persuasive and now consider the nature of Santee's mandamus petition. Santee's underlying litigation is a state court post-conviction petition for writ of habeas corpus. Although writs of habeas corpus have in some instances been termed "civil" or "hybrid," they do not fall within the scope of PLRA's appeal of a civil action, but have their own fee provisions. *See United States v. Cole,* 101 F.3d 1076 (5th Cir.1996). We therefore hold that this mandamus is not an appeal

3

of a civil action within the scope of PLRA, and that Santee need not comply with the PLRA fee payment requirements prior to proceeding IFP in this appeal.

CERTIFICATE OF APPEALABILITY

Santee filed a motion for a Certificate of Appealability ("COA") which is necessary in the appeal of the denial of a petition for habeas corpus. *See Drinkard v. Johnson,* 97 F.3d 751, 755-56 (5th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997). The district court filed the matter initially as a petition for habeas corpus relief under 28 U.S.C. § 2254. The magistrate judge's report and recommendation, which the district court adopted, says, "Finally, to the extent that plaintiff's complaint can be read as presenting a claim for federal habeas corpus relief, he makes no showing of having obtained authorization from the United States Court of Appeals for the Fifth Circuit to file a second or successive habeas petition in this Court." The district judge later denied Santee's motion for COA.

Santee raises no issues under which he has a potential ground for relief in this court. Santee argues that the district court erred when it dismissed his suit without giving him the opportunity to amend it to name the proper parties. Santee is correct, in that he did not need permission from the district court to amend his complaint inasmuch as he had not yet filed such a motion and no responsive pleading had been filed. *See* Fed.R.Civ.P. 15(a); *McGruder v. Phelps,* 608 F.2d 1023 (5th Cir.1979). However, the district court's failure to consider the amendment was harmless

4

because even under the amended complaint his petition was frivolous. To the extent that Santee seeks to appeal the district court's denial of habeas corpus relief, his appeal is wholly without merit, and we deny his motion for a certificate of appealability.

To the extent that Santee's appeal from the district court's dismissal of his mandamus petition is properly before this court, we find no meritorious ground of error. The district court's dismissal pursuant to 28 U.S.C. § 1915 is affirmed for essentially the reasons given by the district court. *See Santee v. Quinlan*, No. 96-CV-3417 (E.D.La., Nov. 5 & 27, 1996)

CONCLUSION

Santee's IFP status is approved. Santee's motions for COA, appointment of counsel, evidentiary hearing, and writ of error are DENIED. The district court's order of dismissal is AFFIRMED.