IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11032
Summary Calendar

_____

DAVID JOHN FRANKLIN,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
BOB OWENS, Director Paroles; MELINDA BOZARTH,
Director Paroles; JERRY PETERSON, Deputy
Director Paroles; WILLIAM McCRAY, Deputy Dirctor
Administrative Services; R.D. McLEOD, Senior
Warden; E.G. WILLIAMS, Assistant Warden Dalhart Unit,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-301

_____

March 21, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

David John Franklin, Texas prisoner #654550, appeals the dismissal of his civil rights action. He also seeks a Certificate of Appealability. Because this is not a habeas corpus case, the request for a COA is unnecessary.

Franklin contends that his claims invoke 42 U.S.C. § 1983, the civil rights statute, and not 28 U.S.C. § 2254, the habeas corpus statute. He maintains that the application of an alleged 1995 policy limiting his ability to earn good conduct time and limiting review by the Board of Pardons and Paroles violated the Ex Post Facto and Due Process Clauses; that he was denied credit for good conduct time and flat time he already had served; that the procedures employed by the Board when denying him parole violated the Due Process and Equal Protection Clauses; that the district court erred by dismissing his state-law claim; and that the district court erred by dismissing his action without allowing him an opportunity to amend, by dismissing the action before the complaint was served, and by dismissing the action before the defendants had a chance to respond.

To the extent that Franklin sought the restoration of good conduct time lost as a sanction for misconduct, or the restoration of the earning status he believes he should have held, his remedy was under 28 U.S.C. § 2254, not under 42 U.S.C. § 1983.[1] Texas prison regulations have provided for reductions in class and loss of good conduct time as punishments for major disciplinary violations since at least 1991.[2] Additionally, the amount of good conduct time earned by prisoners within a

---

[1]Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000).

[2]TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, DISCIPLINARY RULES AND PROCEDURES FOR INMATES, 13 (May 1991)(copy at blue tab A).

particular class is established by statute. The amount of time credited has not changed during the time Franklin has been incarcerated.[3] Franklin has failed to show that the statutes and provisions for reduction in class violate the Ex Post Facto Clause.[4]

"[T]here is no constitutional expectancy of parole in Texas."[5] Any delay in consideration for parole due to loss of time-earning status may not support a constitutional claim.[6] Nor may any delay in consideration for mandatory release due to loss of time-earning status support a constitutional claim.[7]

Franklin does not allege any facts suggesting any deprivation of due process in the disciplinary hearings that resulted in his loss of good-conduct time and loss of time-earning status. Franklin has not briefed any due process contention on appeal.[8]

As respects Franklin's claims for damages for the loss of good-conduct time, a prisoner seeking damages in an action that would undermine the validity of a disciplinary proceeding resulting in the loss of good-conduct time must first obtain the invalidation of that proceeding before he has a cause of action under 42 U.S.C. § 1983.[9] As noted, Franklin's contentions do not undermine the validity of his

---

[3]TEX. GOVT. CODE ANN. § 498.003 (Vernon Supp. 2001).

[4]Weaver v. Graham, 450 U.S. 24 (1981).

[5]Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

[6]Malchi, 211 F.3d at 957.

[7]Id. at 959.

[8]Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987).

[9]Edwards v. Balisok, 520 U.S. 641 (1997).

disciplinary proceedings. His damages action therefore could have been dismissed as frivolous,[10] without regard to proceedings designed to invalidate the classification and disciplinary determinations. We conclude that Franklin's damages claims are frivolous.

Franklin acknowledged in the district court that the policies he had challenged regarding forfeited time had not yet been applied to him. His contention, therefore, was unripe for review and the district court lacked jurisdiction.[11]

As to his contentions that the procedures employed by the Board were unconstitutional, to the extent that Franklin is complaining about the results of specific hearings and seeks relief other than damages, his contention should be pursued first in habeas proceedings.[12] Because he "has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."[13] Franklin's contentions respecting due process, equal protection, and the Board's policies, all lack merit.

"[T]he exercise of pendent jurisdiction over state law claims is proper only when there is a substantial federal question before the court."[14] Franklin's federal

---

[10]See Berry v. Brady, 192 F.3d 504 (5th Cir. 1999).

[11]Samaad v. City of Dallas, 940 F.2d 925 (5th Cir. 1991).

[12]Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept., 37 F.3d 166 (5th Cir. 1994).

[13]Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995).

[14]Dayton Indep. Sch. Dist. v. U.S. Mineral Products, 906 F.2d 1059, 1067 (5th Cir. 1990).

4

claims properly were dismissed and the district court did not err by declining to exercise jurisdiction over his state-law claims.

Because the defendants were never served, Franklin did not need leave of the district court to amend his complaint.[15]  As reflected above, however, Franklin's contentions are unavailing.  The denial of his motions to amend his complaint were harmless error.[16]  28 U.S.C. § 1915A, under which Franklin's action was dismissed, requires district courts to dismiss upon determining that a complaint is frivolous. The statute does not require service of defendants before dismissal.[17]

Finally, this appeal is dismissed as frivolous.[18]  Franklin paid the filing fees for both his complaint and his appeal.  We note, however, that the district court dismissed an earlier action as frivolous because the action was barred by the applicable statute of limitations.[19]  We dismissed that appeal.[20]  The district court's dismissal and our subsequent dismissal counted as two strikes for purposes of 28 U.S.C. § 1915(g).[21]  On July 11, 2000, we dismissed a mandamus petition in the current case as frivolous and counted that dismissal as a strike.  Because of this

---

[15]Santee v. Quinlan, 115 F.3d 355 (5th Cir. 1997).

[16]Id.

[17]28 U.S.C. § 1915A(a), (b)(1).

[18]5TH CIR. R. 42.2.

[19]Franklin v. Bowles, No. 3:96-CV-1943-H (N.D. Tex. Jul. 22, 1996)(unpublished).

[20]Franklin v. Bowles, No. 96-10947 (5th Cir. Jun. 18, 1997)(unpublished).

[21]Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996).

status, Franklin may not hereafter pursue civil actions or appeals in forma pauperis unless he "is under imminent danger of serious physical injury."[22]

The request for COA is DENIED as unnecessary; APPEAL DISMISSED. 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.

---

[22]28 U.S.C. § 1915(g).