United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40504
Conference Calendar
_____

ANTONIO SEPEDA,

                                        Plaintiff-Appellant,

versus

JAMES L. REX, State District Judge,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-03-CV-24
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Antonio Sepeda, Texas prisoner # 469585, has filed a motion

for leave to proceed in forma pauperis (IFP) on appeal following

the district court's dismissal of his petition for writ of

mandamus for lack of jurisdiction.  By moving for IFP, Sepeda is

challenging the district court's certification that IFP status

should not be granted on appeal because his appeal is not taken

in good faith.  Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.

1997).  The district court did not err in dismissing Sepeda's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

action because the district court lacked jurisdiction to order the state courts to assist Sepeda in executing a state court judgment, and this was the only relief that Sepeda sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); see also Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997).

Sepeda's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court did not err in certifying that the appeal is not taken in good faith. Sepeda's motion for leave to proceed IFP is DENIED. Sepeda's appeal is DISMISSED. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This dismissal of Sepeda's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). Sepeda previously received a strike based on the district court's dismissal of his civil rights complaint as frivolous in Sepeda v. Densford, No. 99-51136 (5th Cir. June 7, 2000). He also received a strike based on the district court's dismissal of his civil rights complaint as frivolous in Sepeda v. Waters, No. 00-11349 (5th Cir. April 10, 2001). Sepeda is cautioned that he has now accumulated three strikes under 28 U.S.C. § 1915(g), and he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.