United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50534
Summary Calendar

MANDELL RHODES, JR.,

Plaintiff-Appellant,

versus

SHARON KELLER, Judge, Texas Court of Criminal Appeals;
LAWRENCE E. MEYERS, Judge, Texas Court of Criminal Appeals;
TOM PRICE, Judge Texas Court of Criminal Appeals;
PAUL WOMACK, Judge, Texas Court of Criminal Appeals;
CHERYL JOHNSON, Judge, Texas Court of Criminal Appeals;
MICHAEL KEASLER, Judge, Texas Court of Criminal Appeals;
BARBARA P. HERVEY, Judge, Texas Court of Criminal Appeals;
CHARLES R. HOLCOMB, Judge, Texas Court of Criminal Appeals;
CATHY COCHRAN, Judge, Texas Court of Criminal Appeals,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CA-110
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mandell Rhodes, Jr., Texas state prisoner # 307498, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
as frivolous. He argues that the district court erred in
construing his complaint as a petition for mandamus relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because his allegations that the state court judges denied him access to the courts supported a 42 U.S.C. § 1983 claim.

The district court was within its authority to construe Rhodes' complaint as a petition for a writ of mandamus because Rhodes is merely seeking to have the federal court direct the state court to perform its duties as he wishes. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275-76 (5th Cir. 1973)(holding that district court properly construed motion to direct state court activities as petition for writ of mandamus). Federal courts have no authority "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Id. at 1276 (citations omitted). Thus, the district court lacked authority to order the state courts to act on Rhodes' state habeas petitions. Id. at 1275-76; see also Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997).

Even if Rhodes' complaint should have been treated as a 42 U.S.C. § 1983 complaint, it is without merit because he failed to allege a constitutional denial-of-access-to-the-court claim. Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); Crowder v. Sinyard, 884 F.2d 804, 811, 814 (5th Cir. 1989).

The dismissal of Rhodes's action is AFFIRMED.