United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20089
Conference Calendar

_____

RALPH O. DOUGLAS,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1381
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ralph O. Douglas, Texas prisoner # 1004998, has filed an

application for leave to proceed in forma pauperis (IFP) on

appeal following the district court's dismissal as frivolous of

his petition for a writ of mandamus.  By moving for IFP, Douglas

is challenging the district court's certification that IFP status

should not be granted on appeal because his appeal is not taken

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In his petition, Douglas asked the district court to issue a writ of mandamus ordering the state trial court to vacate a protective order in a civil proceeding before that court, which prevented Douglas from obtaining desired discovery.  The district court concluded that the writ should be denied because the state case was closed.  Douglas has not responded to this conclusion before this court, and any such claim is arguably deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, Douglas cannot show that the district court had the authority to order a state trial court to act in a closed case.  See Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).  Douglas's appeal is thus without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Douglas IFP status on appeal, we deny the motion for leave to proceed IFP, and we DISMISS Douglas's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383,

388 (5th Cir. 1996).  If Douglas obtains three "strikes," he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.