United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10948
Summary Calendar
_____

ARNOLD RAY REED; ET AL.,

Plaintiffs,

ARNOLD RAY REED,

Plaintiff-Appellant,

versus

GARY JOHNSON; JAMES DUKE; EDDIE RIGG, Warden, Middleton Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-116
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Arnold Ray Reed, Texas prisoner # 1205652, appeals following
the district court's dismissal of his 42 U.S.C. § 1983 suit for
failure to exhaust administrative remedies. We note first that
Reed asserts that he did not receive timely notice of the district
court's dismissal and that he signed his notice of appeal on the
day after he became aware of the dismissal. We pretermit, however,

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any question concerning Reed's notice of appeal because this appeal lacks merit. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003)(quoting Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001)).

Reed devotes the majority of his brief to arguing the merits of his claims, and he abandons the exhaustion issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Further, we conclude from a review of the record that Reed's pleadings demonstrate that he failed to exhaust his administrative remedies, and the district court did not err in dismissing the complaint. See Days, 322 F.3d at 866.

The appeal is without arguable merit, is frivolous, and is therefore dismissed. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Reed is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis (IFP) in any civil action or

2

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.