United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41739
Summary Calendar

_____

ANTHONY E. ELLIS,

Plaintiff-Appellant,

versus

JEFFERY MILES, Correctional Lieutenant; CAPTAIN WALTER S.
PENNINGTON; ASSISTANT WARDEN DAVID L. HUDSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:04-CV-77
--------------------

Before SMITH, STEWART and PRADO, Circuit Judges

PER CURIAM:[*]

Anthony E. Ellis, Texas prisoner # 885514, appeals the

district court's dismissal without prejudice of his 42 U.S.C.

§ 1983 complaint for failure to comply with a court order. After

reviewing his complaint, the magistrate judge concluded that

Ellis should be proceeding in habeas and ordered him to submit a

standard habeas application form; because no form was ever filed

in the instant proceeding, the district court dismissed the

complaint without prejudice pursuant to FED. R. CIV. P. 41(b).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We previously remanded this case to determine when Ellis submitted his notice of appeal for mailing. Although the district court determined that the notice of appeal was not timely filed, the record does not in fact reveal when, and in which mailbox, Ellis submitted his notice of appeal. Rather than remand the case for additional findings, because the record does clearly reflect that Ellis's complaint failed to state a claim on which relief may be granted, we pretermit the issue of the timeliness of Ellis's notice of appeal. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). This court ordinarily reviews a district court's sua sponte dismissal under Rule 41(b) for abuse of discretion. See McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988). When a statute of limitations would bar reprosecution of a suit dismissed under Rule 41(b) without prejudice, dismissal generally is permitted only in the face of a clear record of delay or contumacious conduct by the plaintiff. Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir. 1993).

We note that, shortly after the magistrate judge's order, Ellis did file a habeas application in the district court, but the clerk filed his application under a different docket number. We also note that several other pleadings Ellis filed under the

original docket number challenged the magistrate judge's conclusion that he should be proceeding in habeas and insisted on pursuing § 1983 relief.  Therefore, we conclude on this record that the district court abused its discretion by dismissing Ellis's complaint for failure to comply with a court order rather than addressing the relative merit of his § 1983 claim.

However, "[t]o plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States."  Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994).  The punishments Ellis received did not give rise to a protected liberty interest because they did not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000) (due process concerns are not implicated by cell restriction, loss of commissary privileges, or change in custody status).  Therefore, we modify the district court's judgment to a dismissal with prejudice and affirm on the alternate ground that Ellis's complaint failed to state a claim on which relief may be granted.  See Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc); Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Accordingly, we MODIFY the judgment of dismissal to reflect that the complaint is DISMISSED WITH PREJUDICE and AFFIRM AS MODIFIED.