IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-40027
Summary Calendar

DON WAYNE COOPER

Plaintiff-Appellant

v.

RISSIE L OWENS; UNKNOWN PAROLE BOARD PANEL MEMBERS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-49

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Don Wayne Cooper, Texas prisoner # 336589, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as malicious and as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(I).  Cooper argues that he is challenging parole board procedures that allowed the application of conditions of the Super Intensive Supervision Program (SISP) to be applied to him when he was released on mandatory supervision in 1999.  He also challenges the 2002 proceedings revoking his mandatory supervision.  He contends that this action is properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought pursuant to § 1983 because he is challenging only due process with respect to the parole board's procedures; he is not challenging the results of the parole proceedings. He seeks declaratory and injunctive relief to prevent future violations of his constitutional rights by the parole board.

Cooper previously challenged the 1999 proceedings in which he was released under the SISP program, as well as the 2002 revocation proceedings. Cooper v. Dretke, 2006 WL 840404 (S.D. Tex. 2006). Accordingly, to the extent that he seeks to challenge those proceedings here, the district court did not abuse its discretion in dismissing his complaint as malicious. See Grieger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Kimberly v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986). Additionally, any § 1983 challenges to these proceedings is time barred. See Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006) (two-year statute of limitations applies to § 1983 actions in Texas).

To the extent that Cooper sought prospective relief, he has not countered the district court's finding that he lacks standing to bring this claim. Cooper is currently incarcerated. He has not shown that his release on parole or supervised release is actual or imminent, and no SISP conditions have been imposed on him. Any argument that he will be released and that SISP conditions will be imposed on him without due process is speculative. Therefore, he has not shown a concrete injury as required for standing, nor has he shown that his claims are ripe for review. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000). Accordingly, the district court did not err in dismissing his claims for prospective relief.

Although the district court had filed an order staying the action, Cooper filed a motion for leave to amend his complaint seeking to add additional defendants and claims, as well as seeking certification as a class action. He argues that the district court abused its discretion by failing to address the

2

motion or by denying the motion without reasons. Because the claims Cooper sought to add were frivolous, any error was harmless. See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 771 (5th Cir. 1999); Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997).

AFFIRMED.