# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-10117
Summary Calendar

STEWART AZELL CROSS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1667

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stewart Azell Cross, Texas prisoner # 1089282, moves to proceed in forma pauperis (IFP) to appeal the 28 U.S.C. § 1915(e)(2)(b)(i) dismissal as frivolous of his mandamus petition. The district court denied Cross leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Cross argues that the district court erroneously construed his self-styled "Motion For Loan of Trial Appellant(s) Record(s)" as a mandamus petition seeking to compel the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Respondent to provide Cross his records in anticipation of his filing a 28 U.S.C. § 2254 petition. Our review is for an abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Cross, however, has not shown that the district court's construction of his motion as a mandamus petition was an abuse of discretion. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275 (5th Cir. 1973). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *See id.* at 1275-76. The district court therefore lacked the authority to compel either the Respondent or a state court to loan Cross the desired records. *See id.* at 1276; *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).

Cross has not shown that his appeal involves a nonfrivolous issue. Consequently, his request for IFP is denied, and his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.