# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 10-10539
Summary Calendar

Lyle W. Cayce
Clerk

STEWART AZELL CROSS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-403

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stewart Azell Cross, Texas prisoner # 1089282, appeals the district court's dismissal of his mandamus petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  He argues that the federal courts should order the state appellate court to provide copies of his trial records and transcripts so that he may use them to prepare a state postconviction application.   Cross also raises the merits of various constitutional claims relating to his aggravated assault conviction and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10539

revocation proceeding and contends that he could establish his entitlement to relief on these allegations if he were given access to the trial records. We review the district court's dismissal for abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Cross has not established that the district court abused its discretion in denying the requested relief. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). The district court therefore lacked the authority to compel either the respondent or a state court to loan Cross the desired records, regardless of the potential merit of the constitutional claims Cross wishes to raise in postconviction proceedings. *See id.* at 1276; *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997). Consequently, the judgment of the district court is AFFIRMED.