# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 11-50874
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL JOSEPH GOWAN,

Plaintiff-Appellant

v.

SHARON KELLER, In Her Official Capacity as a Judge at the Texas Court of Criminal Appeals; LAWERENCE E. MYERS, In His Official Capacity as a Judge at the Texas Court of Criminal Appeals; TOM PRICE, In His Official Capacity as a Judge at the Texas Court of Criminal Appeals; PAUL WOMACK, In His Official Capacity as a Judge at the Texas Court of Criminal Appeals; CHERYL JOHNSON, In Her Official Capacity as a Judge at the Texas Court of Criminal Appeals; MIKE KEASLER, In His Official Capacity as a Judge at the Texas Court of Criminal Appeals; BARBARA A. HERVEY, In Her Official Capacity as a Judge at the Texas Court of Criminal Appeals; CHARLES R. HOLCOMB, In His Official Capacity as a Judge at the Texas Court of Criminal Appeals; KATHY COHCRAN, In Her Official Capacity as a Judge at the Texas Court of Criminal Appeals; JUANITA PAVLICK, In Her Official Capacity as Judge for the 89th District Court, Wichita County; DORSEY R. TRAPP, In His/Her Official Capacity as Clerk for the 89th District Court, Wichita County; "L. H.", In His/Her Official Capacity as Deputy Clerk for the 89th Judicial District Court of Wichita County; ASHLEY MATHIS, In Her Official Capacity as Deputy Clerk for the 89th Judicial District Court of Wichita County; WICHITA COUNTY, TEXAS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-429

No. 11-50874

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Gowan, Texas prisoner # 701757, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint seeking declaratory and injunctive relief against several Texas court officials. Gowan challenges the procedural rules applicable to state habeas applications. He argues that he was denied access to courts by operation of the 35-day rule under Texas Code of Criminal Procedure article § 11.07, allowing for the transfer of his state habeas application from the trial court to the TCCA. Although he acknowledges that his applications were heard and denied by the TCCA, Gowan argues that the denial was based on a fraudulent recommendation from the clerk of the trial court. Gowan further asserts that his claim challenging the denial of his 2001 habeas application was timely filed because he did not discover the fraud until 2007. Additionally, Gowan argues that his due process rights were violated by the operation of Article 11.07.

A complaint dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) is reviewed for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Gowan's assertion that he was denied access to the courts is unavailing because he was able to prepare and transmit his applications to the state courts. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). His challenge to the denial of due process also fails because he has not established that he was denied his right to be heard "in a meaningful manner." *Price v. City of Junction*, 711 F.2d 582, 589 (5th Cir. 1983). Moreover, Gowan's challenge to the denial of his 2001 state habeas application was barred by the applicable statute of limitations. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50874

The discovery in 2007 of a paper discussing Texas postconviction procedures and an alleged letter from the clerk of court stating that generally the state habeas applications are forwarded to the TCCA as set forth in Texas Code of Criminal Procedure article 11.07, section 3(c) does not give rise to an injury.

To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Because federal courts have no authority to issue writs of mandamus directing state courts in the performance of their duties where mandamus is the only relief sought, the district court lacked authority to order the state courts to act on Gowan's state habeas applications. *See id.* at 1275-76. In addition, the district court did not err in determining that Gown's claim is legally indistinguishable from the § 1983 challenge in *Rhodes v. Keller*. *See Rhodes v. Keller*, 77 Fed. Appx. 261 (5th Circ. 2003).

Accordingly, the judgment of the district court is AFFIRMED. The motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).