**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 11-40945
Summary Calendar

STACY L. CONNER,

Plaintiff-Appellant

v.

TEXAS COURT OF CRIMINAL APPEALS,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-816

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stacy L. Conner, Texas prisoner # 1428940, appeals the dismissal of his petition for a writ of mandamus. In his writ, Conner asked the district court to order the Texas Court of Criminal Appeals to accept the filing of his petition for discretionary review (PDR) as timely. On appeal, Conner contends that he may have procedurally erred in labeling his action as a writ of mandamus, as opposed to an action under 42 U.S.C. § 1983. He contends that, regardless of the error, his pleadings clearly established that the Texas Court of Criminal Appeals has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied him access to the courts by dismissing his PDR as untimely. He asserts that "he could easily amend his complaint if only given the opportunity" so that this court could address the merits of his constitutional claim.

Because Conner is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed, as he labeled them, as a petition for mandamus relief. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Federal courts have no authority "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Id.* at 1276 (citations omitted). Thus, the district court lacked authority to order the state court to act on Conner's PDR. *Id.* at 1275-76; *see also Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).

Even if Conner's complaint is treated as arising under § 1983, it fails to state a cognizable denial-of-access-to-the-courts claim because Connor was allowed to prepare and transmit his PDR to the state court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993); *Crowder v. Sinyard,* 884 F.2d 804, 814 (5th Cir. 1989). Accordingly, the judgment of the district court is AFFIRMED. His motion to expedite the instant appeal is DENIED.