# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 16, 2013

No. 12-10674
Summary Calendar

Lyle W. Cayce
Clerk

STEWART AZELL CROSS,

Petitioner-Appellant

v.

STATE OF TEXAS,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-450

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stewart Azell Cross, Texas prisoner # 1089282, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his motion requesting a loan of his trial court records from the state appellate court, which the district court construed as a petition for a writ of mandamus. He argues that the state courts had a duty to provide him with his records in preparation of the instant appeal. Cross also asserts that the district court should not have construed his motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a mandamus request.  He contends that the federal courts were authorized to order the state appellate court to loan him the state records.

We review the district court's dismissal for abuse of discretion.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1257, 1275-76 (5th Cir. 1973).  The district court therefore lacked the authority to compel the state appellate court to loan Cross the desired records.  *See id.* at 1276; *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).  Therefore, the district court did not abuse its discretion in denying Cross the requested relief.  *See Siglar*, 112 F.3d at 193.  Consequently, the judgment of the district court is AFFIRMED.  Cross's motion for appointment of counsel is DENIED.

This is Cross's third appeal from the district court's denials of his attempts to obtain copies of his trial records from the state appellate court.  Cross is WARNED that further filing of repetitious or frivolous appeals attempting to compel production of the state records will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to his court's jurisdiction.