# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60024
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
June 8, 2017

Lyle W. Cayce
Clerk

ESAU ABSALOM GRUBBS,

Plaintiff-Appellant

v.

MISSISSIPPI SUPREME COURT; HONORABLE WILLIAM WALLER, Chief
Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-127

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Esau Absalom Grubbs, Mississippi prisoner # 60535, has filed a motion
for leave to proceed in forma pauperis (IFP) to appeal the denial of his Federal
Rule of Civil Procedure 60(b) motion for relief from the judgment dismissing
as frivolous his underlying civil action filed pursuant to 42 U.S.C. § 1983. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

district court denied Grubbs's IFP motion below and certified that his appeal is not taken in good faith.

We first note that there is an issue regarding the timeliness of the notice of appeal, which Grubbs claims to have mailed at the first available opportunity. Rather than remand the case for additional findings regarding whether Grubbs has shown good cause or excusable neglect for an extension of the appeal period under Federal Rule of Appellate Procedure 4(a)(5)(A), we pretermit any question regarding Grubbs's notice of appeal because this appeal is frivolous. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *Ellis v. Miles*, 195 F. App'x 242, 242-43 (5th Cir. 2006); *Reed v. Johnson*, 193 F. App'x 327, 327 (5th Cir. 2006); *Chambers v. Picard*, 86 F. App'x 705, 706 (5th Cir. 2004).

By moving to proceed IFP in this court, Grubbs is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

In certifying that Grubbs's appeal is not taken in good faith, the district court first relied on the reasoning of the underlying judgment, which dismissed as frivolous Grubbs's civil action on the ground that it was in fact a petition for a writ of mandamus. There is clearly no merit to Grubbs's contention that the district court erred in so characterizing and dismissing his suit, which sought

to have the district court direct the Mississippi Supreme Court in the performance of its duties. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (confirming that a prisoner's petition requesting the district court to direct state court activities was in fact a petition for a writ of mandamus that had been properly denied); *Rhodes v. Keller*, 77 F. App'x 261, 261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint that had been construed as a petition for mandamus relief because it sought to have the federal court direct the state court in the performance of its duties).

The district court also based its lack-of-good-faith-appeal certification on the absence of a nonfrivolous issue on which to appeal the order denying Grubbs's Rule 60(b) motion. The district court had denied that motion because Grubbs's argument that his civil action was misconstrued in the underlying judgment as a petition for a writ of mandamus did not implicate any of the grounds for Rule 60(b) relief. Grubbs has likewise failed in this court to either articulate how his objection to the characterization of his action as seeking mandamus relief implicates any of the Rule 60(b) grounds or to otherwise assert any Rule 60(b) ground for relief; in fact, Grubbs has failed even to reference Rule 60(b) or its provisions in any of his filings in this court. Grubbs has thus failed to brief, and thereby abandoned, any argument that he was erroneously deprived of Rule 60(b) relief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se appellants must brief arguments in order to preserve them).

In light of the foregoing, the district court did not err in denying Grubbs's IFP motion, since his appeal does not involve legal points arguable on their merits and is thus not taken in good faith. *See Howard*, 707 F.2d at 219-20. Accordingly, Grubbs's IFP motion is DENIED and the appeal is DISMISSED

No. 16-60024

AS FRIVOLOUS.  The dismissal of the complaint by the district court as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Grubbs is WARNED that, if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).