# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2017

Lyle W. Cayce
Clerk

STACY L. CONNER,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MICHAEL A. ROESLER, Head Warden Stiles Unit; DARREN B. WALLACE, Assistant Warden Stiles Unit; GENE A. KROLL, Assistant Warden Stiles Unit; DAVID G. PILLE, Correctional Officer; LATASHA JOSEPH, Correctional Officer; ANGELIQUE N. DENNIS, Correctional Officer,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-498

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stacy L. Conner, Texas prisoner # 1428940, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Conner alleged in his complaint that prison officials violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40324

due process rights by unlawfully seizing his personal and legal property. He also alleged that the prison officials' actions denied him access to the courts and were done in retaliation for his filing a grievance. Conner further alleged that certain prison officials were liable for the unconstitutional actions of their subordinates.

We start with the due process claim regarding the seizure of property. Conner fails to challenge the district court's determination that he failed to state a cognizable claim because Texas state law provided an adequate remedy for conversion claims. Therefore, the claim is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Similarly, Conner's claims against the supervisory defendants are deemed abandoned since Conner fails to raise the claims before this court. *See id.*

Conner's claims alleging denial of access to the courts and retaliation are conclusory and insufficient to state valid constitutional claims. *See Christopher v. Harbury*, 536 U.S. 403, 414–22 (2002); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Thus, he has failed to show that the district court erred in dismissing his action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED. The district court's dismissal of Conner's complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Conner is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).