# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50847
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

Stacy L. Conner,

*Plaintiff—Appellant*,

*versus*

Ken Paxton, *individually and in his official capacity*; Greg Abbott, *Governor of the State of Texas, individually and in his official capacity*; Texas Court of Criminal Appeals,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1058

———————————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Stacy L. Conner, Texas prisoner # 1428940, filed a civil rights complaint raising claims stemming from the determination by the Texas Court of Criminal Appeals that his petition for discretionary review (PDR) had been untimely filed. The district court dismissed Conner's civil action,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

without prejudice, as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). The district court also denied Conner's motion for a new trial and to alter or amend the judgment. Conner now moves for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his pro se filings, Conner first argues that the district court's certification order inaccurately stated the reasons given for dismissing his action. However, the certification order referred to the prior order dismissing Conner's complaint, which is sufficient. *See id.* at 202 n.21. Further, contrary to Conner's contention, the certification order correctly summarized the reasons given in the dismissal order of September 11, 2023.

Conner questions the district court's recharacterization of his complaint as a mandamus petition. The label placed on a pro se prisoner's filing is not determinative, and the filing may be recharacterized by a court "according to the essence of the prisoner's claims." *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). Because Conner's complaint requested an order requiring state officials to treat his PDR as timely filed, the district court did not err in treating the filing as a mandamus petition and dismissing it. *See Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).

Because Conner's claims concern a single alleged violation based on the state court's determination in 2010, that his PDR was untimely, and the consequences flowing from that determination, his challenge to the district court's determination that his claims are untimely fails. *See McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993). With regard to the district court's dismissal of his claim of denial of access to the courts as

duplicative and frivolous, Conner's failure to brief the issue results in waiver. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, given that the district court dismissed Conner's claims on procedural grounds, it did not abuse its discretion by failing to issue findings of fact and conclusions of law in response to Conner's postjudgment motion to address the merits of his contention that his PDR was timely filed. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

As shown by the foregoing, Conner has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Conner's motion for the appointment of counsel is DENIED.

The district court's dismissal in the instant case as frivolous or for failure to state a claim on which relief may be granted results in a strike pursuant to 28 U.S.C. § 1915(g), and the dismissal of the instant appeal as frivolous counts as another strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). As discussed by this court, Conner previously received a strike based on the district court's dismissal of a civil action as frivolous and for failure to state a claim. *See Conner v. Davis*, 690 F. App'x 288, 289 (5th Cir. 2017). Because Conner has now accumulated three strikes, he is BARRED from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).